People v Brank (2018 NY Slip Op 04839)





People v Brank


2018 NY Slip Op 04839


Decided on June 28, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2018

Friedman, J.P., Tom, Mazzarelli, Singh, JJ.


7009 3277/10

[*1]The People of the State of New York, Respondent,
v
Derrick Brank, Defendant-Appellant.


Stanley Neustadter, Cardozo Appeals Clinic, New York (Patrick Hill of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Catherine M. Reno of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Troy K. Webber, J.), rendered September 19, 2014, convicting defendant, after a jury trial, of kidnapping in the first degree and manslaughter in the first degree, and sentencing him to consecutive terms of 25 years to life and 25 years, respectively, unanimously affirmed.
The absence of an instruction to the jury to decide whether the lead witness was an accomplice in fact, whose testimony would then require corroboration pursuant to CPL 60.22, was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]). Regardless of whether the witness was an accomplice, her testimony was abundantly corroborated by another witness, who was present during the final hours of the three-day-long crime, and forensic evidence, such as the investigators' observations about the scene of the crime and injuries found during the autopsy that were consistent with the witness's account. Accordingly, there is no reasonable probability that an accomplice-in-fact charge would have affected the verdict (see People v Gumbs, 56 AD3d 345, 347 [1st Dept 2008], lv denied 12 NY3d 758 [2009]; compare People v Sage, 23 NY3d 16, 27 [2014]). It is not dispositive that the witness at issue provided the only evidence establishing that the kidnapping lasted for at least 12 hours, as required for the first-degree kidnapping conviction (Penal Law § 135.25[2][a]), because CPL 60.22 "requires only enough nonaccomplice evidence to assure that the accomplice[] ha[s] offered credible probative evidence," and the nonaccomplice evidence need not constitute independently sufficient "proof of the elements of the crime to sustain a conviction" (People v Breland, 83 NY2d 286, 293 [1994]).
The court properly imposed consecutive sentences for the kidnapping and manslaughter convictions, because the evidence showed that defendant kidnapped the victim and subjected him to numerous life-threatening attacks over the course of three days, and then caused his death through the separate and distinct act of drowning him in a bathtub (see People v Brahney, 29 NY3d 10 [2017]; see also Penal Law § 70.25[2]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 28, 2018
CLERK